BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE ROBERT D. HERRICK, CITY PROSECUTING ATTORNEY, CITY OF MORENO VALLEY, has requested an opinion on the following questions:
1. Does colon hydrotherapy, also known as colonic irrigation, constitute "treatment" for purposes of the Medical Practice Act?
2. Would a registered nurse who performs colon hydrotherapy, also known as colonic irrigation, when not under the direction of a licensed physician but rather pursuant to a client's request as part of the nurse's private practice, be unlawfully engaged in the practice of medicine?
 CONCLUSIONS
1. Colon hydrotherapy, also known as colonic irrigation, constitutes "treatment" for purposes of the Medical Practice Act.
2. A registered nurse who performs colon hydrotherapy, also known as colonic irrigation, when not under the direction of a licensed physician but rather pursuant to a client's request as part of the nurse's private practice, would be unlawfully engaged in the practice of medicine.
 ANALYSIS
The two questions presented for resolution concern colon hydrotherapy, also known as colonic irrigation, performed by a registered nurse. Colon hydrotherapy may be described as the injection into the colon of between 25 and 35 gallons of water in order to cleanse the walls of the large intestine, approximately five feet in length. A normal hydrotherapy session lasts about one hour, and the therapist will fill and cleanse the colon three or four times during the session. (See 21 C.F.R. § 876.5220
(2001); 58 Ops.Cal.Atty.Gen. 558, 559 (1975); Taber's Cyclopedic Medical Dict. (16th ed. 1989) p. 385; Stedman's Medical Dict. (5th Unabridged Lawyers' Ed. 1982) pp. 300, 727; Burton Goldberg Group, Alternative Medicine (1994) Colon Therapy, pp. 145-146 ("Burton").)
Is colon hydrotherapy "treatment" for purposes of the Medical Practice Act (Bus. Prof. Code, §§ 2000-2521),[1]
and if so, would a registered nurse be unlawfully engaged in the practice of medicine if he or she performed the hydrotherapy without the supervision, direction, or order of a licensed physician?
1. "Treatment" Under the Medical Practice Act
The practice of medicine is defined in section 2051 as follows:
 "The physician's and surgeon's certificate authorizes the holder to use drugs or devices in or upon human beings and to sever or penetrate the tissues of human beings and to use any and all other methods in the treatment of diseases, injuries, deformities, and other physical and mental conditions." (Italics added.)
Section 2052 additionally states:
 "Any person who practices or attempts to practice, or who advertises or holds himself or herself out as practicing, any system or mode of treating the sick or afflicted in this state, or who diagnoses, treats, operates for, or prescribes for any ailment, blemish, deformity, disease, disfigurement, disorder, injury, or other physical or mental condition of any person, without having at the time of so doing a valid, unrevoked, or unsuspended certificate as provided in this chapter, or without being authorized to perform such act pursuant to a certificate obtained in accordance with some other provision of law, is guilty of a misdemeanor." (Italics added.)[2]
In Board of Medical Quality Assurance v. Andrews (1989)211 Cal.App.3d 1346, the court examined these statutes and concluded: "The concept of practicing medicine under the California licensing laws is very broad, and any activity customarily performed by a licensed practitioner, such as diagnosis, treatment, or prescribing medications qualifies. [Citations.]" (Id. at p. 1353, fn. 2.)
Does colon hydrotherapy constitute a method in the treatment of a physical condition for purposes of section 2051? Is a colon hydrotherapist a person who "treats" the "physical . . . condition of any person," as defined in section 2052, when he or she performs or assists in the performance of colon hydrotherapy?
In this context, the words "treatment," "treating," and "treats" connote subjecting another person to the action of an agent or process medically or surgically. (Webster's 3d New Internat. Dict. (1971) pp. 2434-2435.) Where colon hydrotherapy is administered for the purpose of treating such physical conditions as inflammation or irritation of the large intestine, it plainly constitutes treatment for purposes of the Medical Practice Act. (See 58 Ops.Cal.Atty.Gen., supra, at p. 560; see also 58 Ops.Cal.Atty.Gen. 595, 598 (1975).)
We find that even in the absence of such physical conditions as inflammation or irritation of the large intestine, colon hydrotherapy is a treatment for the physical condition of the person undergoing the procedure. The condition of the walls of the large intestine are changed by undergoing the procedure. The purpose of colon hydrotherapy is, at a minimum, to change the client's physical condition so that the client will be healthier than before the procedure is performed.
We reject the suggestion that if the client self-administers part of the colon hydrotherapy procedure, the hydrotherapist would not be practicing medicine. Like many medical treatments, colon hydrotherapy requires the cooperative participation of the individual undergoing the treatment. It is conceded that colon hydrotherapy is an assisted process administered by a hydrotherapist. While self diagnosis or treatment is not proscribed by the Medical Practice Act (62 Ops.Cal.Atty.Gen., 792, 795-796 (1979)), here we have something entirely different. The colon hydrotherapist provides (1) the facilities within which the colon hydrotherapy procedure takes place, (2) the colonic irrigation machine, (3) various tubes and applicators, and (4) water, and performs assistive measures such as (5) massage, (6) monitoring the water temperature and pressure, and (7) instructing the client on the use of the applicators. By any combination of the above, the colon hydrotherapist is unquestionably using a method in the treatment of a physical condition within the meaning of section 2051 and, likewise, is one who "treats" the "physical . . . condition of any person" as defined in section 2052 when he or she performs, or assists in the performance of, colon hydrotherapy.
The fact that the client may "elect" to have colon hydrotherapy is irrelevant. "The law does not exempt from the licensing requirements medical practitioners who obtain consent forms." (Board of Medical Quality Assurance v. Andrews, supra, 211 Cal.App.3d at p. 1358.) While full disclosure of the potential dangers of colon hydrotherapy may be given to a client prior to treatment, the disclosure would not be provided by a licensed physician. Such disclosure thus would not meet the requirements of the Medical Practice Act. (See Truman v. Thomas (1980)27 Cal.3d 285, 291; Cobbs v. Grant (1972) 8 Cal.3d 229, 242-245; Arato v. Avedon (1993) 5 Cal.4th 1172, 1175; Vandi v. Permanente Medical Group, Inc. (1992) 7 Cal.App.4th 1064, 1069.)
Finally, we note that colon hydrotherapy is not advised for persons with ulcerative colitis, diverticulitis, Crohn's disease, or cancer tumors in the large intestine, among other medical conditions. (Burton, supra, at p. 146.) Accordingly, diagnosis[3] of the client's physical condition, including an evaluation of the client's medical history as well as any necessary examinations and testing, would be essential in determining whether the client is, in fact, an appropriate candidate for colon hydrotherapy. The lack of such diagnosis would pose an obvious risk to the client and, at the same time, cast doubt on any "informed" consent to treatment that the client may have given. It is readily apparent that a hydrotherapist diagnosing the physical condition of a prospective colon hydrotherapy client would be engaged in the practice of medicine. (§§2038, 2052.)
Accordingly, in answer to the first question, we conclude that colon hydrotherapy constitutes treatment for purposes of the Medical Practice Act.[4]
2. Practice of a Registered Nurse
In light of our conclusion to the first question, it necessarily follows that a colon hydrotherapist performing or assisting in the performance of colon hydrotherapy on another person would be engaged in the practice of medicine in violation of section 2052
unless, at the time of so doing, he or she holds a valid certificate as a licensed physician, or would be authorized to perform colon hydrotherapy pursuant to some other certificate obtained in accordance with another provision of law.[5]
Would a registered nurse who performs colon hydrotherapy, when not under the direction or order of a licensed physician but rather pursuant to a client's request as part of the nurse's private practice, be unlawfully engaged in the practice of medicine or would such hydrotherapy be part of the nurse's authorized practice?[6]
The Nursing Practice Act (§§ 2700-2838.4; "Act") is the statutory scheme that authorizes nursing activities. Section2725, subdivision (b) defines the practice of nursing as follows:
 "The practice of nursing within the meaning of this chapter means those functions, including basic health care, that help people cope with difficulties in daily living that are associated with their actual or potential health or illness problems or the treatment thereof, and that require a substantial amount of scientific knowledge or technical skill, including all of the following: "(1) Direct and indirect patient care services that ensure the safety, comfort, personal hygiene, and protection of patients; and the performance of disease prevention and restorative measures.
 "(2) Direct and indirect patient care services, including, but not limited to, the administration of medications and therapeutic agents, necessary to implement a treatment, disease prevention, or rehabilitative regimen ordered by and within the scope of licensure of a physician, dentist, podiatrist, or clinical psychologist, as defined by Section 1316.5 of the Health and Safety Code.
 "(3) The performance of skin tests, immunization techniques, and the withdrawal of human blood from veins and arteries.
 "(4) Observation of signs and symptoms of illness, reactions to treatment, general behavior, or general physical condition, and (A) determination of whether the signs, symptoms, reactions, behavior, or general appearance exhibit abnormal characteristics, and (B) implementation, based on observed abnormalities, of appropriate reporting, or referral, or standardized procedures, or changes in treatment regimen in accordance with standardized procedures, or the initiation of emergency procedures."
However, section 2726 states: "Except as otherwise provided herein, this chapter confers no authority to practice medicine or surgery." Sections 2725 and 2726 must be construed together and harmonized. (See Magit v. Board of Medical Examiners (1961) 57 Cal.2d 74, 84; 78 Ops.Cal.Atty.Gen. 247, 251-252 (1995).) While the Legislature recognizes "the existence of overlapping functions between physicians and registered nurses" (§2725, subd. (a); see Fein v. Permanente Medical Group (1985) 38 Cal.3d 137, 149-150; 56 Ops.Cal.Atty.Gen. 64, 66 (1973)), the provisions of section 2725 are clearly not meant to grant unlimited authority to practice medicine (§ 2726; see 67 Ops.Cal.Atty.Gen. 122, 135-142 (1984); 56 Ops.Cal.Atty.Gen., supra, at p. 66).[7]
Subdivision (b) of section 2725 is limited to a nurse's "functions and procedures that have common acceptance and usage" (§ 2725, subd. (a)) as authorized in the Act (§2726). (See 67 Ops.Cal.Atty.Gen., supra, at p. 137.) Here, colon hydrotherapy is not part of a registered nurse's commonly accepted functions and procedures. The administrative practice of the Board of Registered Nursing, the agency responsible for enforcing the Act, does not recognize colon hydrotherapy to be part of the practice of nursing.[8] Hence, no implementing regulations authorize a nurse to perform colon hydrotherapy (see Cal. Code Regs., tit. 16, §§16:1400-16:1494), and colon hydrotherapy is not part of the curriculum in the schools of nursing in California (see Cal. Code Regs., tit. 16, § 16:1426; see also 58 Ops.Cal.Atty.Gen. 186, 192-193 (1975); 56 Ops.Cal.Atty.Gen., supra, at p. 66).
Moreover, the colon hydrotherapy client would not undergo any examination by a physician, and the registered nurse would not be under the supervision, direction, control, or order of a physician in performing the colon hydrotherapy. The Act does not authorize a registered nurse to perform colon hydrotherapy in such circumstances. (See 67 Ops.Cal.Atty.Gen., supra, at p. 141; 64 Ops.Cal.Atty.Gen. 240, 250-251 (1981); 56 Ops.Cal.Atty.Gen., supra, at pp. 66-67.)[9]
Finally, while the Act contains a number of exceptions to its application (see §§ 2727, 2727.5,2731), none has any relevance here. Although the Legislature has created advanced certifications within the profession of registered nursing for nurse-midwives (§§ 2746-2746.8), public health nurses (§§ 2816-2820), nurse anesthetists (§§ 2825-2833.6), nurse practitioners (§§ 2834-2837), and clinical nurse specialists (§§ 2838-2838.4), nurses holding such certificates are not, by virtue of such certificates, authorized by any of these statutory provisions to engage in colon hydrotherapy as part of an independent practice.
We conclude that a registered nurse who performs colon hydrotherapy, also known as colonic irrigation, not under the direction of a licensed physician but rather pursuant to a client's request as part of the nurse's private practice, would be unlawfully engaged in the practice of medicine.
 * * * * *
[1] All references hereafter to the Business and Professions Code are by section number only.
[2] Section 2053 is similar to section2052 but makes it a felony where the "risk of great bodily harm, serious physical or mental illness" is willfully caused or created.
[3] Section 2038 defines "diagnosis" for purposes of the Medical Practice Act as including "any undertaking by any method, device, or procedure whatsoever, and whether gratuitous or not, to ascertain or establish whether a person is suffering from any physical or mental disorder."
[4] A physician's certificate also authorizes the holder to "use . . . devices in or upon human beings. . . ." (§ 2051.) Colon hydrotherapy equipment, which includes pressure and temperature controls, as well as associated tubing and applicators, would constitute "devices" within the meaning of section 2051. (§4023, subd. (b) ["`Device' means any instrument, apparatus, machine, . . ., or contrivance, . . . including its components, parts . . . and accessories that are used or intended . . . [t]o affect . . . any function of the body of a human . . ."]; see21 C.F.R. § 876.5220 (2001).) Accordingly, the use of such devices by a colon hydrotherapist in or upon another person would constitute the practice of medicine in violation of section 2052
unless, at the time of so doing, the colon hydrotherapist holds a valid certificate as a licensed physician or is authorized to perform colon hydrotherapy pursuant to some other certificate obtained in accordance with another provision of law.
[5] Likewise, where a colon hydrotherapist "advertises or holds himself or herself out as practicing" colon hydrotherapy, such conduct, standing alone, would constitute the unlawful practice of medicine under section2052 unless, at the time of so doing, he or she holds a valid certificate as a licensed physician or is authorized to perform colon hydrotherapy pursuant to some other certificate obtained in accordance with another provision of law.
[6] Section 2061 provides: "Nothing in this chapter shall be construed as limiting the practice of other persons licensed, certified, or registered under any other provision of law relating to the healing arts when such person is engaged in his or her authorized and licensed practice."
[7] For example, the order "of a physician" (§ 2725, subd. (b)(2)) or "standardized procedures" (§ 2725, subd. (b)(4)) would be unnecessary if the statute granted authority to practice medicine without limitation.
[8] "Unless unreasonable or clearly contrary to the statutory language or purpose, the consistent construction of a statute by an agency charged with responsibility for its implementation is entitled to great deference. [Citation.]" (Dix v. Superior Court (1991) 53 Cal.3d 442,460; see Rivera v. City of Fresno (1971) 6 Cal.3d 132, 140; West v. State of California (1986) 181 Cal.App.3d 753, 763.)
[9] Also, the colon hydrotherapy would not be performed under a standardized procedure as defined in the Act. (See §2725, subd. (c); Cal. Code Regs., tit. 16, §§16:1470-16:1474; 78 Ops.Cal.Atty.Gen., supra, at pp. 248-249; 67 Ops.Cal.Atty.Gen., supra, at pp. 140-142.)